Roque, Domingo Juan and Maria Mercedes PEREZ CRUZ, on their own behalf and for the benefit of Manuel De Jesus Perez Cruz, Plaintiffs,

v.

Manuel FERNANDEZ MARTINEZ, now the estate of Manuel Fernandez Astacio, Flora Fernandez Astacio, Jose Manuel Fernandez Astacio, Avelina Fernandez Astacio, Covadonga Fernandez Rodriguez, Estrella Fernandez Rodriguez, and Maritza Fernandez Rodriguez Antonio Mongil Portell and Aracelis Suarez, now the estate of Carlos Mongil Suarez, Antonio Mongil Suarez and Aracelis Mongil Suarez; Litheda Apartments, Inc. and Patricia Robert Harris, as Secretary of Housing and Urban Development of the United States, Defendants.

No. Civ. 78–2469CC.

United States District Court, D. Puerto Rico.

Oct. 26, 1982.

Antonio J. Amadeo-Murga, Hato Rey, P.R., for plaintiffs.

Vicente Santori-Coll, Jaime Sifre-Rodríguez, Harry B. Llenza, San Juan, P.R., for defendant estate of Manuel Fernández-Martínez.

Héctor Laffitte, Laffitte & Dominguez, Hato Rey, P.R., for defendant estates of Antonio Mongil-Portell and Aracelis Suárez.

José A. Luiña, Hato Rey, P.R., for defendant Litheda Apartments, Inc.

Eugenio Otero-Silva, Francis, Doval, Muñoz, Acevedo, Otero & Trias, San Juan, P.R., for U.S. and its Dept. of Housing & Urban Dev.

1. In civil law, one of the causes of action that assists the owner of goods, consisting of the right to demand, in court, the restoration of goods allegedly held by a person who is not the owner of the goods. See Castán Tobeñas José, *Derecho Civil Español, Común y Foral*, T. 2, Vol. 1 (Madrid, 1982), pp. 179–197. It is analogous to a replevin action in common law.

## MEMORANDUM OPINION AND ORDER

CEREZO, District Judge.

■ This is a revendication action[1] filed originally in 1947 in the Superior Court of Puerto Rico,[2] San Juan Part, seeking the return to plaintiffs of some eighteen (18) acres of land located in the Cupey ward of Río Piedras, Puerto Rico alleged to be unlawfully possessed by defendants Manuel Fernández Martínez and his successors in interest since the year 1933. Plaintiffs requested the annulment of defendants' title to the land in question based on the invalidity of the judgment entered in November of 1932 and the subsequent public sale in which defendant Fernández Martínez was adjudicated the property. They further requested that, if return of the property were impossible, defendants be ordered to pay damages which would include the value of the property and the produce thereof.

On June 6, 1961 codefendant Litheda Apartments, Inc. (Litheda) was served with summons and copy of an amended complaint stating that it was currently in possession of plaintiffs' property. The new codefendant answered the complaint on March 20, 1962. On June 12, 1963 the court issued a resolution declaring null and void the judgment entered in 1932 against the plaintiffs in this cause of action. Said resolution was confirmed by the Supreme Court of Puerto Rico on January 14, 1964.[3] The case was remanded to the Superior Court for further proceedings to determine the other pending matters "as expediently as the circumstances would permit." On February 3, 1967 the Superior Court entered a partial summary judgment holding that Litheda's title to the land was null since plaintiffs' title to said land was prior to Litheda's and was recorded in the Registry

2. Originally known as the District Court of Puerto Rico, until the approval of the Judiciary Act of 1952, 4 LPRA Sections 1, *et seq.*

3. *Fernández Martínez v. Tribunal Superior*, 89 PRR 737 (1964).

of the Property, thus making the protection of Art. 34 of the Mortgage Law of Puerto Rico, then in effect, inapplicable to said codefendant.[4] The court held nevertheless that Litheda was a "possessor bona fide" whose rights would be determined pursuant to Articles 294–301 of the Civil Code of Puerto Rico, 31 LPRA Secs. 1161–68, relative to accession rights. This decision, however, was set aside by the Supreme Court of Puerto Rico on May 8, 1973 because the trial court erred in basing its determination that the claimed property was that occupied by Litheda on the latter's failure to answer a request of admissions submitted by plaintiffs.[5] The case then went to trial on February 26, 1975. At the conclusion of plaintiffs' evidence the codefendant requested dismissal of the case based on its contention that plaintiffs had failed to identify their property as that occupied by Litheda. The Superior Court granted the motion and issued judgment dismissing the action as to codefendants Litheda and Antonio Mongil on April 19, 1976. Thereafter, plaintiffs requested review of the judgment entered and on September 13, 1977 the Supreme Court of Puerto Rico vacated the judgment and remanded the case for further proceedings. In its opinion the Court ruled that plaintiffs' evidence had sufficiently demonstrated that the property claimed was included in Litheda's property. Citing Manresa, *Comentarios al Código Civil*, T. III, 8th ed. (1976), p. 201, the Court stated that "[t]o recover what has been usurped it is not necessary that the property be preserved as a whole or that it remain[s] in the hands of the same acquirer."[6] Plaintiffs'

evidence had shown that the land which they claimed as theirs, identified as lot 471, had been grouped with others to form a larger farm known as lot No. 6206, although no mention was made of this fact in the deed of grouping, that, subsequently and through the years, this larger farm had been divided and subdivided into smaller farms and that eventually Litheda acquired a farm of 15.2770 cuerdas, numbered 20822, whose boundaries conform to those of plaintiffs' property.

On April 28, 1978 the Secretary of Housing and Urban Development made a special appearance in the case filed in the local court claiming that plaintiffs had deprived that court of jurisdiction in the case by filing a separate action in the United States District Court for the District of Puerto Rico against the appearing party and others, which was so intertwined with the action brought in the Superior Court that it had to be disposed of jointly in the Court with jurisdiction over the Secretary. Alternatively, the Secretary requested a stay of the proceedings in the local court until the jurisdictional issue presented could be resolved. Shortly thereafter plaintiffs voluntarily requested dismissal of the federal case, without prejudice.

On May 5, 1978 codefendant Litheda filed a motion to dismiss the case for lack of jurisdiction alleging that since the Secretary of Housing and Urban Development, as holder of the mortgage note recorded on Litheda's property, was an indispensable party to the action filed in the local court, the case should be dismissed for failure to join an indispensable party. The court de-

---

4. Article 34 of the Mortgage Law of 1893, 30 LPRA Sec. 59 provided:

   Notwithstanding the provisions of the foregoing section, instruments or contracts executed or entered into by a person who, according to the registry, has a right to do so, shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry.
   *Only by virtue of a recorded instrument may another later instrument, also recorded, be* invalidated to the prejudice of a third person, with the exceptions mentioned in section 731 of this title. *The provisions of this section shall at no time apply to an instrument recorded in accordance with the provisions of section 732 of this title, unless prescription has validated and assured the interest to which said instrument refers.* (Emphasis ours.)

5. *Pérez Cruz v. Fernández,* 101 PRR 508 (1973).

6. *Pérez v. Fernández Martínez,* 106 PRR 165, 174 (1977).

nied this motion on August 16, 1978 but ordered that the United States be made a party to the action. On August 23, plaintiffs amended the complaint to include the Secretary of Housing and Urban Development as party defendant. Thereafter, on September 11, 1978 Litheda filed separate motions requesting that previous owners of the property be notified with a copy of the amended complaint, that summons be served on them to appear and that they eventually be held liable in case of eviction. Plaintiffs opposed said motions claiming that the notice in eviction to be made in accordance with Article 1371 of the Civil Code of Puerto Rico, 31 LPRA Section 3839, could not be given for the first time more than eighteen years after the defendant had originally been made a party to the action and after the trial on the merits was halfway over.[7] Plaintiffs alleged that defendants' actions were intentionally dilatory and prejudicial to their case. They did not object, however, to the summoning of those already present in the case. That day the Court granted Litheda's motions.[8]

On November 16, 1978, plaintiffs amended the complaint to include the United States of America as a defendant. On December 12, 1978 the case was removed to this court pursuant to 28 U.S.C. Secs. 1442 and 1446. A motion to remand the non-federal claims to the Superior Court was denied on November 27, 1979.

The Court has now before it a motion filed by plaintiffs on January 25, 1980 to set aside the ruling of the Superior Court ordering that all prior owners of the property now in Litheda's possession be joined to answer said defendant in case of eviction and a motion to strike the federal codefendants' fifth affirmative defense based on the failure to join indispensable parties.[9] Oppositions to the motion to set aside the local court's order were filed by the United States and by Litheda and a hearing was held on February 12, 1981. Memoranda in support of the positions advanced at oral argument were filed thereafter.

■ It is Litheda's contention that plaintiffs have no standing to question the order summoning in eviction prior owners since the matter of prescription of its right to summon said owners is an affirmative defense to be raised by those owners and not by plaintiffs. Litheda contends that its action of summoning in eviction prior owners of the property is somewhat akin to the practice of filing third-party complaints and that plaintiffs' right to bring in a third-party defendant pursuant to Rule 14(b) of the Federal Rules of Civil Procedure does not allow them to raise the affirmative defenses belonging to the third-party defendants. Assuming that Rule 14 governs the matter here at issue, the pertinent part of said rule provides that "[a]ny party may move to strike the third-party claim, or for its severance or separate trial." This provision has been explained by the Advisory Committee on the 1963 amendment to Rule 14(a) as an indication of the court's power to strike a

---

7. Article 1371 of the Civil Code of Puerto Rico, 31 LPRA 3839 provides:

A defendant vendee shall request within the period fixed in the Law of Civil Procedure for answering the suit that notice thereof be given to the vendor or vendors within the shortest period possible.
This notification shall be made in the manner established in said law for the summoning of defendants.
The time to answer granted to the vendee shall be suspended until the expiration of that granted the vendor or vendors to appear and answer the complaint, and which periods shall be the same as those granted all defendants by the aforesaid Law of Civil Procedure, counted from the notification prescribed in the first paragraph of this section.

Should the persons summoned for eviction not appear in the proper time and manner, the period in which to answer the suit shall continue with regard to the vendee.

8. Thirteen separate orders were issued that day, corresponding to each of Litheda's motions. For purposes of this memorandum these orders shall be referred to as one since the effect is the same as one order granting the several motions and ordering the issuance of summons to thirteen additional parties.

9. This Court's authority to pass over the Superior Court's order is derived from the removal statute, 28 U.S.C. Sec. 1441, *et seq.*, specifically from section 1450, 28 U.S.C. See: *Aybar v. F & B Mfg. Co., Inc.*, 498 F.Supp. 1184, 1193–94 (DPR 1980).

third-party claim "if it is obviously unmeritorious and can only delay or prejudice the disposition of plaintiff's claim." See: Advisory Committee Note on the 1963 Amendment to Rule 14(a), reprinted in 28 U.S.C.A. See also: Wright and Miller, Federal Practice and Procedure: Civil Section 1454. Furthermore, the court may exercise this power even though the defendant has served a third-party complaint within the term provided by the rule which does not require leave of court. *Id.* See also: Wright and Miller, *supra,* Civil Section 1460. Rule 12.1 of the Rules of Civil Procedure of Puerto Rico of 1958, as well as the amended version thereof, contains a similar, almost identical provision. It has been stated that "[a]mong the factors which must be considered in exercising ... discretion [whether to allow a third-party complaint] are such matters as possible prejudice to the plaintiff, complication of issues in the trial, likelihood of causing delay, timeliness of the motion to implead, the merit or substance of the third-party complaint, and additional expense to the parties." *Kopan v. George Washington University,* 67 F.R.D. 36, 38 (DDC 1975). Should Litheda's motion be considered as a third-party complaint all of this clearly would give plaintiffs standing to raise the defense of prescription of Litheda's rights under article 1364 of the Civil Code.[10] Plaintiffs' interest in the expedient resolution of their claims, however, is sufficient to give them standing to contest Litheda's motion to summon additional parties as well as the local court's order granting the same. In so doing, plaintiffs may raise the matter of the absence of any substantive rights of movant.

The United States has separately opposed plaintiffs' motion to set aside the Superior Court's order granting permission to summon prior owners on the ground that these are indispensable parties to this action since all recordings of their interests, transactions and conveyances with regard to the property must be nullified in order to recognize plaintiffs' superior title. Summoning is not to be limited, according to this codefendant, to those parties already summoned by the local court, but should extend to all those who at some time had a recorded interest not only in lot number 471, but also in those lots which in 1938 were grouped to form lot 6206 and in lots later segregated therefrom. In addition, it claims that not all parts of what used to be plaintiffs' property are occupied by codefendant Litheda, but that certain portions thereof are currently in the possession of third parties, namely Litheda Heights and Litheda Shopping Center, Inc., who are indispensable to this action. Plaintiffs have replied to these contentions and have filed a motion to strike this defendant's fifth affirmative defense claiming that all prior owners of the property who eventually sold their land to third persons who, in turn, recorded their titles lost all interest in the property and their prior titles were legally extinguished by the subsequent recording of the buyer's title.

Articles 1364 through 1371 of the Civil Code of Puerto Rico, 31 LPRA Sections 3832 through 3839, govern the relationship between the buyer and the seller of property in case the buyer is deprived of it by a judgment of a court that entertained a right prior to the sale. As a condition *sine qua non* to the exercise of this right the buyer must give notice of the suit in eviction to the seller. Article 1370 of the Civil Code of Puerto Rico, 31 LPRA Sec. 3838. Generally this is done within the term granted by the Rules of Civil Procedure of Puerto Rico in which to answer the complaint in eviction. Article 1371 of the Civil Code of Puerto Rico, 31 LPRA Sec. 3839. During that term the seller is served with a summons and a copy of the complaint. The seller may answer within the term specified

---

**10.** Article 1364 of the Civil Code of Puerto Rico, 31 LPRA Sec. 3832 provides:

Eviction shall take place when by a final judgment, and by virtue of a right prior to the sale, the vendee is deprived of the whole or of a part of the thing purchased.

The vendor shall be liable for the eviction even though no stipulation has been included in the contract on the subject.

The contracting parties may, however, increase, decrease, or suppress this legal obligation of the vendor.

by the Rules of Civil Procedure regarding the filing of responsive pleadings for any case and the buyer's term to answer the complaint is suspended until the seller's term to appear and answer shall have expired. *Id.*

■ Litheda did not request that prior owners be summoned in eviction when it was made a party to this action in 1961. Rather, on February 4, 1975, six days prior to the trial on the merits, it filed a third-party complaint against prior owners not present in the case. On February 6 the Superior Court disallowed Litheda's third-party complaint. It was not until 1978, when plaintiffs amended their complaint to add the federal defendants, that Litheda requested that prior owners be notified pursuant to Article 1371, and that its time to answer the amended complaint be held in abeyance until these owners were notified and their term for answering the amended complaint expired. It is obvious from Litheda's actions that it was trying to cure a deficiency in the development of this case by utilizing procedural tactics. Mere procedural rules, however, cannot reinstate substantive rights which have been waived or which have ceased to exist. It is thus necessary that we determine if the filing of an amended complaint can renew defendant's opportunity to claim its rights against the seller of its property pursuant to the provisions of Article 1371 of the Civil Code of Puerto Rico.

In *Agudo Cano v. Superior Court,* 95 PRR 870 (1968), a case in which the Superior Court of Puerto Rico, Humacao Part, had ruled that the defendants had waived their rights of eviction by not following the procedural steps of article 1371, the Supreme Court of Puerto Rico, reversing the trial court, said:

The imperative thing is not, as alleged by the intervenors, to strictly follow the sequence of the procedural steps indicated by the Civil Code in its [article] 1371 applying with extreme strictness the

wording of said [article]. If in deviating from the strict procedure the vendor is granted the opportunity of appearing timely in the suit to establish, jointly with the vendee, or separately, the defense of the title of ownership, the cardinal principle that the vendor cannot be held liable in the action in warranty without having been heard is complied with. [Footnote omitted.] *Id.* 878.

■ It is clear then that a strict compliance with article 1371 is not required and that the facts of each case must be considered to determine if notice to the vendor has been sufficient within the meaning and purpose of article 1371.

■ In this case the motion to summon in eviction prior owners of the property claimed by plaintiffs was made eighteen years after codefendant Litheda had been originally joined in the action and more than thirty years after its commencement. At that time the issue of plaintiffs' title to the claimed property had already been decided in their favor and all that remained was to properly identify their property as that possessed by Litheda and any possible rights of accession belonging to the latter. Although nine of the parties summoned in eviction were already in the case, the trial on the merits was halfway over and plaintiffs had presented their evidence without the additional parties' participation in the same.[11] Clearly, notice of the suit at this stage of the proceedings does not comply with the requirements of article 1371, even if strictly within the literal reading of the same, since it would not have granted and does not now grant the additional parties the opportunity to timely appear and be heard. Furthermore, as to other prior owners who did not sell to Litheda, civil law commentators have interpreted that the buyer's right against eviction extends only to the seller and not to prior owners who do not have that relation with respect to the buyer, absent an express agreement to that effect or some judicial link joining prior

11. These are: Jefferson Caribe, Inc., El Lago Development Corp., Mrs. Patria Betancourt and Mr. Bernardo Mongil.

owners. See Castán Tobeñas, José, *Derecho Civil Español, Común y Foral,* T. 4 (Madrid, 1977) p. 123. No such circumstances have been shown to exist in this case. Summoning in eviction prior owners who did not sell the property to Litheda was, therefore, improper and as to some, untimely. As to Litheda's seller, Jefferson Caribe, Inc., notice of the suit in eviction did not comply with the words and meaning of article 1371, as interpreted by the Supreme Court of Puerto Rico, *ante,* thus we can conclude that Litheda waived its right to be indemnified by its seller in case of eviction.

As stated before, it is the United States' contention that these parties are nevertheless indispensable in order to nullify prior recordings made in their favor. At the outset it must be clarified that this is not, as defendant has classified it, an action to rectify errors in the Registry of the Property but rather an action to recover property allegedly unlawfully detained by a third-person in which the nullity of the recording in favor of the latter is but a consequence of the main action. It is not to be confused either with an action for nullity. As a general rule, a revendicatory action must be preceded by an action of nullity in which the cancellation of the recording of the possessor's title is sought. An exception is made to this rule when the claimant's title is prior to that of the possessor and the nullity of the latter's title is an implicit and indispensable consequence of the cause of action. See Puig Brutau, *Fundamentos del Derecho Civil,* T. III, Vol. 1, (Barcelona, 1978) pp. 207–210. Similarly, an action for nullity does not have to precede an action to recover the property when the parties' rights over said property derive from separate and independent titles. *Id.* See *Trías v. Leaf Tobacco Co.,* 50 PRR 88, 91 (1936); *Oliver v. Oliver,* 23 PRR 168, 188–190 (1915); *Sucesión Nieves v. Sucesión Sánchez,* 17 PRR 837, 841 (1911) (2–2 decision; opinion by J. Toro, at 844). Both circumstances are present in this case.

"The fact that plaintiffs have alleged the nullity of defendants' title, thus anticipating a defense, does not divert the proceeding of its true character, or convert it into an action for nullity." *Oliver,* 190–191.

An action to recover property unlawfully detained by another must, of necessity, be filed against the person in actual possession of the property. See Puig Brutau, *supra,* p. 205; Castán Tobeñas, José, *Derecho Civil Español Común y Foral,* T. 2, Vol. I, (Madrid, 1982) pp. 192–193. Plaintiffs herein correctly filed their action against the persons allegedly in possession of the land which they claim belongs to them. The complaint was amended in 1961 to include Litheda as a party defendant and as the new holder of the property. It was unnecessary to include those parties who possessed the land during the year prior to Litheda's having acquired possession of the property, since they quickly transferred their title to another, and eventually to Litheda, thus losing any interest in the property so conveyed and since any recording in their favor was automatically canceled by virtue of article 77 of the Mortgage Law of 1893, then in effect, 30 LPRA Sec. 151.[12] See: *Alvarez v. Registrador,* 75 PRR 391, 369–397.

We conclude, therefore, that prior owners of the property, who at some time had their titles recorded in the Registry of the Property but who transferred their titles to another, are not indispensable parties to this action and that only Litheda as actual possessor of the property claimed is indispensable. The fact that some prior owners remain as codefendants in this suit does not alter this conclusion for they were brought to this suit when they were still in actual possession of the land and the fact that the property is no longer recorded in their name will draw similar effects as to their interest in this suit.

12. Article 77 of the Mortgage Law of 1893, 30 LPRA Sec. 151 provided:

"Records are not extinguished as to third persons except by their cancellation or by a record of the conveyance of the ownership of property right recorded to another person."

As to the contention of the United States that other parties, besides Litheda, are in possession of the eighteen cuerdas of land claimed by plaintiffs, we note only that this is a matter of proof, to be shown by the evidence on the merits of the case. The identity of the property claimed is a matter to be decided after the trial of the case. If at such time the evidence should show that portions of the property claimed by plaintiffs are being held by persons not made parties to this action, the sole effect this will have in the resolution of plaintiffs' case is that they shall not be entitled to recover that part of the property they claim as theirs. As for the rest of the property, properly identified as being in Litheda's possession, the Court will not be impaired to render judgment by the sole circumstance of plaintiffs' not having joined the other occupants.

Wherefore, we conclude that the orders of the Superior Court entered on September 13, 1978 summoning additional parties to answer Litheda in case of eviction must be and are hereby set aside.

SO ORDERED.